UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE:<br><br>METAUGUS, INC.,<br><br>    Debtor. | CHAPTER 11<br><br>Case No. 13-43341-PWB |

### MOTION FOR EXPEDITED HEARING

**NOW COMES** Karen Fagin White, Chapter 11 Trustee (the "Trustee"), for Metaugus, Inc. ("Debtor"), in the above-captioned case, and files this Motion, respectfully showing the Court as follows:

### Jurisdiction

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case is proper pursuant to 28 U.S.C. § 1408.

### Background

1.

On November 20, 2013, (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Debtor continued in possession of its property and operation of its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code until March 19, 2014. On March 19, 2014, the Trustee was appointed as the Chapter 11 trustee for the Debtor's estate (the "Estate").

2.

An official committee of unsecured creditors (the "Committee") was appointed on February 27, 2014.

3.

The Debtor operates a nutraceutical supplement manufacturing business.

4.

Contemporaneously herewith, the Trustee filed a Motion (A) for Authority to Sell Assets Free and Clear of Liens, Claims, Interests, and Encumbrances; (B) to Assume and Assign Certain Executory Contracts, Leases, and Licenses, and Establish Cure Costs in Connection Therewith; (C) to Establish Procedures with Respect to Such Sale and the Assumption and Assignment of Executory Contracts and Leases; (D) to Consider Approval of Break-up Fee; and (E) to Shorten and Limit Notice (the "Sale Motion").  Sub-Sections C and D of the Sale Motion are hereafter referred to as the "Procedure Portion of the Sale Motion." Sub-Sections A and B are hereafter referred to as the "Sale Approval Portion of the Sale Motion."  The Trustee also submitted a proposed Order regarding the Sale Motion, seeking approval of the Procedure Portion of the Sale Motion, subject to objection by any creditor or other party in interest.

## Argument & Citation of Authority

As authorized by 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9006(c)(1), the Trustee seeks the entry of an order shortening the applicable notice periods for and a scheduling hearing on any objections to the Procedure Portion of the Sale Motion on an expedited basis on May 15, 2014, at 9:30 A.M., with a hearing to follow at a later date, after the proposed auction, related to the Sale Approval Portion of

the Sale Motion, which would be set by further Order of the Court assuming that the Court approves the Procedure Portion of the Sale Motion.

The relief is sought in an effort to allow for uninterrupted business operations by Debtor as it transitions its operations to the ultimate purchaser of the property to be sold, as further discussed in the Sale Motion, as well as to minimize damage to Debtor's business and to maximize the value of its assets.

Debtor requests that this Court approve notice of the Sale Motion as follows: (A) copies of any Order approving this Motion, together with a copy of this Motion and the Sale Motion shall be delivered by First Class U.S. Mail to all creditors and parties in interest appearing on the Creditors Matrix in this case; (B) copies of any Order approving this Motion, together with copies of this Motion and the Sale Motion, shall be delivered by facsimile, electronic mail, overnight delivery service, or by next-day U.S. mail upon: (1) the Internal Revenue Service; (2) the Office of the United States Trustee; (3) Debtor's secured creditors; (4) counsel for the Official Committee of Unsecured Creditors; and (5) all parties requesting appearances in this case. Copies of this Motion and the Sale Motion filed will also be available on the Court's electronic case management website: www.ganb.uscourts.gov.

"The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) essentially codifies the bankruptcy court's inherent equitable powers. In re Rodriguez Camacho, 361 B.R. 294, 300 (1st Cir. B.A.P. 2007). To require the Trustee to comply with the generally applicable notice requirements would immediately and irreparably harm the Trustee's ability to proceed with the proposed sale and maximize the value of

Debtor's assets.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order:

(1)     shortening the applicable notice periods for and scheduling an expedited hearing on any objections to the Procedure Portion of the Sale Motion as stated herein;

(2)     ordering that (A) copies of any Order approving this Motion, together with a copy of this Motion and the Sale Motion shall be delivered by First Class U.S. Mail to all creditors and parties in interest appearing on the Creditors Matrix in this case; (B) copies of any Order approving this Motion, together with copies of this Motion and the Sale Motion, shall be delivered by facsimile, electronic mail, overnight delivery service, or by next-day U.S. mail upon: (1) the Internal Revenue Service; (2) the Office of the United States Trustee; (3) Debtor's secured creditors; (4) counsel for the Official Committee of Unsecured Creditors; and (5) all parties requesting appearances in this case, and no further notice is necessary; and

(3)     granting such other relief and further relief as may be just and proper.

This 7th day of May, 2014.

                                                Cohen Pollock Merlin & Small, P.C.
                                                Counsel to Karen Fagin White, Chapter 11 Trustee

                                                By:    /s/ Karen Fagin White
                                                    Karen Fagin White
                                                    Georgia Bar No. 754450
                                                    Anna M. Humnicky
                                                    Georgia Bar. No. 377850

3350 Riverwood Parkway
Suite 1600
Atlanta, GA 30339
(770) 858-1288
Fax: (770) 858-1277
kfwhite@cpmas.com
ahumnicky@cpmas.com
938925